Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
Oliver Law Center, Inc.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855) 384-3262
Facsimile: (888) 570-2021

Local Counsel for Plaintiff and
the proposed Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DUFFY, on behalf of himself and others similarly situated, | Civil Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)(1)(A)(iii)] |
| v. | |
| VERIZON WIRELESS SERVICES, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

Peter Duffy ("Plaintiff") brings this class action against Verizon Wireless Services, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## Jurisdiction and Venue

1.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

1

2.     Venue is proper before this Court as Plaintiff resides in this District and a substantial portion of the events giving rise to this action occurred in this district.

3.     For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

**Parties**

4.     Plaintiff is a natural person who at all relevant times resided in Los Angeles County, California.

5.     Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

6.     Defendant is a New Jersey company with its principal place of business in Somerset County, New Jersey.

7.     Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

8.     Plaintiff was since 2021 and throughout the time of the calls at issue, the subscriber to, and sole regular and customary user of his cellular telephone number—(661) XXX-0212.

9.      As early as April 5, 2022, Defendant began placing calls, or causing calls to be placed, to telephone number (661) XXX-0212.

10.     Defendant placed, or caused to be placed, calls to telephone number (951) XXX-3726 intending to reach someone other than Plaintiff.

11.     The calls were all made from telephone number (818) 742-1236.

12.     Defendant used an artificial or prerecorded voice in connection with the calls it placed, or caused to be placed, to telephone number (661) XXX-0212.

13.     For example, on April 5, 2022, Defendant placed, or caused to be placed, a call to telephone number (661) XXX-0212 and delivered an artificial or prerecorded voice message along the lines of the following:

> If this is "Shainfar," please press 1 now.  If not, press 2. If this is "Shainfar" please press 1 now.  If not, press 2.  This is an urgent service alert from Verizon wireless financial services attempting to reach "Shainfar."  It is necessary for the account owner to call us back to resolve an important wireless account matter.  Please have "Shainfar" call us today at 1-800-754-0961 where they will be prompted to enter their 10 digit reference number 6614816823.  Once again, the number to call is 1-800-754-0961 and the reference number is 6614816823.  To hear this information repeated press star.  Thanks for choosing Verizon Wireless.  Goodbye.

14.     Later on April 7, 2022, Defendant placed, or caused to be placed, a second call to telephone number (661) XXX-0212 and delivered another voice message to Plaintiff with the identical content as the April 5 voice message, but with a different prerecorded voice.

3

15.    On September 6, 2024, Defendant placed, or caused to be placed, another call to telephone number (661) XXX-0212 and delivered the following artificial or prerecorded voice message:

> This is Verizon Wireless Financial Services with an urgent service alert.  We are calling regarding an important matter with the status of the wireless account belonging to… Please call us today at 1-800-754-0961 where you will be prompted to enter your 10 digit reference number 6615520212.  Once again, the number to call is 1-800-754-0961 and the reference number is 6615520212.

16.    On September 9, 2024, Defendant placed, or caused to be placed, another call to telephone number (661) XXX-0212 and delivered the following artificial or prerecorded voice message:

> This is Verizon Wireless Financial Services with an urgent service alert.  Please call us back immediately to resolve a change in the status of the account belonging to…Please call us today at 1-800-754-0961 where you will be prompted to enter your 10 digit reference number 6615520212.  Once again, the number to call is 1-800-754-0961 and the reference number is 6615520212.

17.    Defendant's voice messages were generic and similar.

18.    The first two voicemails were even identical in content, but used different artificial prerecorded voices.

19.    The calls contained audible beeps and dings along with unnatural pauses inconsistent with a live caller.

20.    Given the generic nature of the messages, the content of the messages, and that the messages were similar in tone, voice, content, and style,

the messages Defendant delivered, or caused to be delivered, to telephone number

(661) XXX-0212 were artificial or prerecorded in nature.

21.    Plaintiff listened to each of the above-referenced artificial or

prerecorded voice messages Defendant delivered, or caused to be delivered, to his

cellular telephone number.

22.    Defendant placed, or caused to be placed, the subject calls to

telephone number (661) XXX-0212 in an effort to reach an individual named

"Shainfar."

23.    Plaintiff is not "Shainfar."

24.    Plaintiff does not know "Shainfar."

25.    Plaintiff is not, nor was, a customer of Defendant.

26.    Plaintiff does not, nor did, have a phone plan or account with

Defendant.

27.    Plaintiff did not provide telephone number (661) XXX-0212 to

Defendant.

28.    Plaintiff did not provide Defendant with consent to place calls, in

connection with which it used an artificial or prerecorded voice, to telephone

number (661) XXX-0212.

29.    Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (661) XXX-0212 intended for a third-party unknown to Plaintiff.

30.    Defendant placed, or caused to be placed, the subject calls to telephone number (661) XXX-0212 voluntarily.

31.    Defendant placed, or caused to be placed, the subject calls to telephone number (661) XXX-0212 under its own free will.

32.    Defendant placed, or caused to be placed, the subject calls to telephone number (661) XXX-0212 for non-emergency purposes.

33.    Plaintiff does not have, and never had, any relationship with Defendant whereby Defendant would have a reason to contact Plaintiff in emergency or exigent circumstances.

34.    Defendant's above-described artificial or prerecorded voice messages to telephone number (661) XXX-0212 occurred over at least five months which evidences that there was no emergent nature to the messages.

35.    Defendant's records will identify each call it placed, or caused to be placed, to telephone number (661) XXX-0212

36.    Defendant's records will identify each artificial or prerecorded voice message it played or delivered, or caused to be played or delivered, or attempted

to play or deliver, or caused to be attempted to be played or delivered, to telephone

number (661) XXX-0212.

37.    Plaintiff suffered actual harm as a result Defendant's subject calls, in

connection with which it used, or caused to be used, an artificial or prerecorded

voice, in that he suffered an invasion of privacy, an intrusion into his life, and a

private nuisance.

38.    Plaintiff found the artificial or prerecorded voicemail messages to be

irritating and invasive.

39.    Upon information and good faith belief, Defendant, as a matter of

pattern and practice, uses an artificial or prerecorded voice in connection with

calls it places, or causes to be placed, to telephone numbers assigned to a cellular

telephone service, absent prior express consent.

## Class Action Allegations

40.    Plaintiff brings this action under Federal Rule of Civil Procedure 23,

and as a representative of the following class:

> All persons throughout the United States (1) to whom Defendant
> placed, or caused to be placed, a call, (2) directed to a number assigned
> to a cellular telephone service, but not assigned to a person who has or
> had an account with Defendant, (3) in connection with which Defendant
> used an artificial or prerecorded voice, (4) from four years prior to the
> filing of this complaint through the date of class certification.

41.    Excluded from the class are Defendant, Defendant's officers and

directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

43.    The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

44.    The class is ascertainable because it is defined by reference to objective criteria.

45.    In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

46.    Plaintiff's claims are typical of the claims of the members of the class.

47.    As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

48.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

49.    Plaintiff's claims are based on the same theories as the claims of the

members of the class.

50. Plaintiff suffered the same injuries as the members of the class.

51. Plaintiff will fairly and adequately protect the interests of the members of the class.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

53. Plaintiff will vigorously pursue the claims of the members of the class.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

58. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c.  Defendant's conduct, pattern, and practice as it pertains to placing

calls with an artificial or prerecorded voice to wrong or reassigned

cellular telephone numbers;

d.  Defendant's use of an artificial or prerecorded voice; and

e.  The availability of statutory penalties.

59.    A class action is superior to all other available methods for the fair

and efficient adjudication of this matter.

60.    If brought and prosecuted individually, the claims of the members of

the class would require proof of the same material and substantive facts.

61.    The pursuit of separate actions by individual members of the class

would, as a practical matter, be dispositive of the interests of other members of

the class, and could substantially impair or impede their ability to protect their

interests.

62.    The pursuit of separate actions by individual members of the class

could create a risk of inconsistent or varying adjudications, which might establish

incompatible standards of conduct for Defendant.

63.    These varying adjudications and incompatible standards of conduct,

in connection with presentation of the same essential facts, proof, and legal

theories, could also create and allow the existence of inconsistent and

incompatible rights within the class.

64.     The damages suffered by individual members of the class may be

relatively small, thus, the expense and burden to litigate each of their claims

individually make it difficult for the members of the class to redress the wrongs

done to them.

65.     The pursuit of Plaintiff's claims, and the claims of the members of

the class, in one forum will achieve efficiency and promote judicial economy.

66.     There will be little difficulty in the management of this action as a

class action.

67.     Defendant has acted or refused to act on grounds generally applicable

to the members of the class, making final declaratory or injunctive relief

appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68.     Plaintiff repeats and re-alleges each and every factual allegation

contained in paragraphs 1-67.

69.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an

artificial or prerecorded voice in connection with calls it placed, or caused to be

placed, to Plaintiff's cellular telephone number and the cellular telephone

numbers of the members of the class, without consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

1

**Demand for Jury Trial**

2          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial

3
by jury of any and all triable issues.
4

5

6

7  Date: September 22, 2025

8                                                    /s/ *Dana J. Oliver*
                                                     Dana J. Oliver, Esq. (SBN: 291082)
9                                                    Oliver Law Center, Inc.

10
                                                     *Local Counsel for Plaintiff and the*
11                                                   *proposed Class*

12
                                                     Anthony I. Paronich*
13                                                   Paronich Law, P.C.

14                                                   350 Lincoln Street, Suite 2400
                                                     Hingham, MA 02043
15                                                   Tel: (617) 485-0018

16                                                   Fax: (508) 318-8100
                                                     anthony@paronichlaw.com
17

18                                                   *Counsel for Plaintiff and the proposed*
                                                     *class*
19

20                                                   *subject to pro hac vice

21

22

23

24

25

26

27

28